UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Cam-Sam Real Estate Holding, LLC,
    Plaintiff

    v.

Merchants Mutual Insurance Company
and Hartford Fire Insurance Company,
    Defendants

Case No. 18-cv-433-SM
Opinion No. 2018 DNH 253

Sentinel Insurance Company, Ltd.
a/k/a Hartford Fire Insurance Company,
    Counter Claimant and
    Third Party Plaintiff

    v.

Cam-Sam Real Estate Holding, LLC,
    Counter Defendant,

and

D La Pooch Hotel, LLC, n/k/a
D La Pooch Resort, LLC, and
Lindsey Todt,
    Third Party Defendants

Cam-Sam Real Estate Holding, LLC,
    Third Party Plaintiff

    v.

Mourer-Foster, Inc. and
John T. Foster,
    Third Party Defendants

**O R D E R**

In this insurance dispute, Cam-Sam Real Estate Holding, LLC, asserts claims of negligence and negligent

misrepresentation against third party defendants, Mourer-Foster, Inc., and John T. Foster (collectively, "Foster").  Foster has moved to dismiss Cam-Sam's claims against it.  Cam-Sam objects.

**Background**

Cam-Sam is the owner of a commercial building and property located at 21 Londonderry Turnpike, in Hooksett, New Hampshire. Cam-Sam rented Unit 1 of the building to D La Pooch Hotel, LLC, for a term of five years.  The lease between Cam-Sam and D La Pooch required that D La Pooch obtain "comprehensive liability insurance on the Leased Premises" carried "in the name of and for the benefit of Tenant and Landlord," and written on "an occurrence" basis.  Docket No. 15, ¶ 10.  The lease further mandated the following with respect to coverage: at least $1,000,000 "in case of death or injury to one person;" $1,000,000 "in case of death or injury to more than one person in the same occurrence;" and $250,000 "in case of loss, destruction or damage to property."  Docket No. 15, ¶ 10.

Consistent with those obligations, D La Pooch provided Cam-Sam with a Certificate of Liability Insurance prepared by its insurance agent, Foster.  The Certificate relates to the following insurance policies: a Commercial General Liability/Pet Groomer's Professional Liability policy, identified as number 81SBAPP8836 (the "Policy"); a Workers Compensation and

Employers' Liability policy; and an Animal Bailee/Business Personal Property policy. All policies are issued by Hartford Fire Insurance[1] ("Hartford"). The Certificate identifies Cam-Sam as "an additional insured with regards to general liability," as well as coverage limits, including a coverage limit of $1,000,000 under the Commercial General Liability policy for "damage to rented premises ([each] occurrence)." Id. at ¶¶ 8-9. The Certificate further indicates that, should any of the policies be cancelled prior to their expiration date, "notice will be delivered in accordance with the policy provisions." Id. at ¶ 12. Cam-Sam alleges that it relied upon the Certificate when deciding to lease Unit 1 to D La Pooch. Id. at ¶ 14.

Following the termination of D La Pooch's tenancy, Cam-Sam discovered significant damage to the premises, and subsequently filed suit against D La Pooch. Cam-Sam also initiated this declaratory judgment action against its own insurer, Merchants Mutual, and Hartford. In response, Hartford moved for declaratory judgment against Cam-Sam determining that it was not entitled to coverage. According to Cam-Sam, Hartford has alleged that Cam-Sam is not an additional insured under the

---

[1] According to Hartford, it has been improperly named in this action, and "Sentinel Insurance Company, Limited" is the insurer issuing the relevant policies.

3

policies issued to D La Pooch, and that there is no coverage under Hartford's policies for "damage to rented premises."

Based on Hartford's position, Cam-Sam brought claims against Foster. Cam-Sam alleges that, to the extent Hartford is correct, Foster is liable for preparing and delivering an inaccurate Certificate that misrepresented the policies. Cam-Sam further alleges that it "was an intended and named beneficiary" of the Certificate (id. at ¶ 20), and Foster acted negligently when it prepared and sent the Certificate.

## Legal Standard

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).

In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the facts alleged in the complaint must, if credited as true, be sufficient to "nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 570. If, however, the "factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Tambone, 597 F.3d at 442.

Generally, a court must decide a motion to dismiss exclusively upon the allegations set forth in the complaint and the documents specifically attached, or convert the motion into one for summary judgment. See Fed. R. Civ. P. 12(2). However, when "a complaint's factual allegations are expressly linked to — and admittedly dependent upon — a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).

5

**Discussion**

Turning first to Cam-Sam's allegations against Foster relating to its status as an "additional insured" under the referenced policies, it should be noted that Cam-Sam incorrectly characterizes the position taken by Hartford. Hartford does not generally allege, as Cam-Sam contends, that Cam-Sam is not an "additional insured." Hartford, instead, alleges that Cam-Sam is not an "additional insured" under the <u>Special Property Coverage Form</u>. That position is fully consistent with the terms of the Certificate, which represents that Cam-Sam is an "additional insured with regards to <u>general liability</u>." Doc. No. 15-1 (emphasis added). The Special Property Coverage Form is not mentioned. <u>Id</u>. And, Hartford's Commercial General Liability Policy reflects Cam-Sam's additional insured status, as noted in the Certificate. The Policy states that "[a]ny person or organization from whom [the insured] lease[s] land or premises" is an additional insured under the Policy. Document No. 10-1, p. 66-67. Therefore, to the extent that Cam-Sam's claims are based on that misunderstanding, the claims are subject to dismissal (because the Certificate plainly does not misrepresent Cam-Sam's "additional insured" status).

As for Cam-Sam's claims against Foster that relate to the Certificate's attestation of coverage for real property damage

under the general liability policy, those claims are subject to dismissal as well. The Certificate discloses that the Commercial General Liability Policy, under which Cam-Sam is an additional insured, provides coverage for "damage to rented premises ([each] occurrence)" up to $1,000,000. Doc. No. 15-1. And, the Policy plainly recites that it provides $1,000,000 in coverage for "Damages to Premises Rented to You." Document No. 10-1, at 14.

Whether the Policy covers the property damage at issue here is a separate question. The Certificate reflects the Policy's limitations, providing: "the insurance afforded by the policies described herein is subject to the terms, exclusions and conditions of such policies." Document No. 15-1. Accordingly, it cannot be said that the Certificate inaccurately reflects the coverage procured by D La Pooch. The Certificate describes the coverage in terms of the Policy provisions, which are what they are. Therefore, Cam-Sam's claims fail for the simple reason that the Certificate is not, as Cam-Sam alleges, inaccurate or misleading.

Cam-Sam also notes that Foster's motion must be denied because, at this stage, the Court must accept the allegations in its complaint as true. In its complaint, Cam-Sam seems to contend that the Certificate must be inaccurate if Hartford is

7

able to prove its claims.  And, Cam-Sam says, because Foster's arguments in support of its motion to dismiss necessarily rely on the allegations in Cam-Sam's complaint being false, the motion to dismiss must be denied at this stage of the litigation.

Cam-Sam actually seems to be objecting to Foster's reliance on the language of the Certificate and Hartford's Policy – that is, on matters outside the complaint itself.  But, Foster's reliance on both documents is entirely proper: both documents were included with the pleadings and referenced throughout, and are central to the claims.  See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 34 (1st Cir. 2001) ("Under First Circuit precedent, when a complaint's factual allegations are expressly linked to — and admittedly dependent upon — a document (the authenticity of which is not challenged), then the court can review it upon a motion to dismiss.") (internal quotations omitted).  See also Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (providing that exhibits "attached to the complaint are properly considered part of the pleading 'for all purposes,' including Rule 12(b)(6)" and that when "a complaint's factual allegations are expressly linked to — and admittedly dependent upon — a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial

court can review it in deciding a motion to dismiss under Rule 12(b)(6).").

Cam-Sam's claims against Foster must be dismissed because the complaint does not plausibly allege that the Certificate misrepresents either the Policy or Cam-Sam's status as an additional insured.  A plain reading of the Certificate and the Policy makes clear that the Certificate accurately reports the existence of coverage, coverage types, and limits of coverage under the Hartford policy issued to D La Pooch, and that Cam-Sam is an additional insured for general liability claims.  "When a complaint annexes and incorporates by reference a written instrument, any inconsistencies between the complaint and the instrument must be resolved in favor of the latter."  Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002) (citations omitted).  See also Yacubian v. United States, 750 F.3d 100, 108 (1st Cir. 2014) ("[I]t is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.") (citation omitted).

## **Conclusion**

For the foregoing reasons, and for those given in defendant's memorandum in support of its motion, defendant's motion to dismiss (document no. 22) is **GRANTED**.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 17, 2018

cc: David W. Rayment, Esq.
    Jeffrey Christensen, Esq.
    Doreen F. Connor, Esq.
    Michele Carlucci Sears, Esq.
    Laura Nicole Carlier, Esq.
    Richard E. Heifetz, Esq.